945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph LANGSTON and Evergreen Equipment, Inc., Plaintiffs-Appellants,
v.
SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.
 No. 90-1229.
 United States Court of Appeals, Federal Circuit.
 Sept. 6, 1991.
Rehearing Denied Oct. 8, 1991.
 
 Before PLAGER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Ralph Langston and Evergreen Equipment, Inc. (Langston) appeal from a judgment of the United States District Court for the Eastern District of Missouri, Langston v. Southwestern Bell Tel. Co., No. 86-1395C(3) (Jan. 16, 1990) in favor of defendant-appellee Southwestern Bell Telephone Co. (Southwestern Bell). Based on the jury verdict, the court ruled that claims 4, 5, 6, 10, 11, and 13 of U.S. Patent No. 4,576,362 and claims 1 and 2 of U.S. Patent No. 4,669,705 were invalid. We vacate and remand.
 
 DISCUSSION
 A.
 
 2
 Langston contends, inter alia, that the district court erred in its instructions to the jury and that the errors were prejudicial. We review jury instructions to determine whether there was prejudicial legal error. Jamesbury Corp. v. Litton Indus. Prod., Inc., 756 F.2d 1556, 1558, 225 USPQ 253, 255 (Fed.Cir.1985). As Southwestern Bell correctly notes, in ruling on the adequacy of jury instructions we read the instructions as a whole and consider them in the light of the entire charge to the jury. Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1582-83, 1 USPQ2d 1081, 1093-94 (Fed.Cir.1986). Only if the purported error in the instructions affects the substantial rights of the parties should we order a new trial. Fed.R.Civ.P. 61.
 
 
 3
 Langston argues in particular that jury instruction No. 19 misstated the test for determining obviousness under 35 U.S.C. § 103 (1988).[1] Jury instruction No. 19 states, in relevant part:
 
 
 4
 To determine obviousness or nonobviousness, consideration must be given to such factual inquiries as:
 
 
 5
 1. Scope and content of the prior art;
 
 
 6
 2. Differences between the prior art and the claims at issue;
 
 
 7
 3. The level of ordinary skill in the pertinent art.
 
 
 8
 Such [secondary] considerations as commercial success or lack thereof; long felt but unresolved needs; failure of others and other similar facts must be utilized by the jury to reflect light upon the circumstances surrounding the origin of the subject matters sought to be patented.
 
 
 9
 Inquiry into these considerations is relevant to the issue of obviousness, but not determinative thereof apart from the three basic factual inquiries mentioned above.
 
 
 10
 Joint Appendix at 132. Instruction No. 19, in addition to being somewhat abstruse, fails to accurately describe the role of secondary considerations in an obviousness determination.
 
 
 11
 Obviousness under 35 U.S.C. § 103 is a legal conclusion involving a preliminary determination of four factual inquiries: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the pertinent art; and (4) secondary considerations, if any, of nonobviousness. Secondary considerations include objective indicia of nonobviousness such as commercial success, long-felt but unsolved need, and failure of others.
 
 
 12
 Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050, 5 USPQ2d 1434, 1438 (Fed.Cir.), cert. denied, 488 U.S. 825 (1988) (citations omitted). Evidence of secondary considerations is not to be given short shrift. As this court has said,
 
 
 13
 evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence....
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 Enroute to a conclusion on obviousness, a court must not stop until all pieces of evidence on that issue have been fully considered and each has been given its appropriate weight.
 
 
 17
 Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538-39, 218 USPQ 871, 879 (Fed.Cir.1983). In the present case, the praise given by others, the long felt and unsolved need, the failure by others and the alleged copying of the Langston inventions are all strong indicia of nonobviousness. Yet, instruction No. 19 presents these secondary considerations as inherently unable to rise to the same level of importance as the other "factual inquiries" listed by the court. This is incorrect.
 
 
 18
 This court has previously indicated the desirability of obtaining specific answers from the jury on the factual issues underlying an obviousness determination. Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1517, 220 USPQ 929, 939 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984). While it is not error to submit the question of obviousness to a jury in the form of a general verdict, when that is done it is essential that "the submission [is] accompanied by appropriate instructions on the law from the trial judge." Id. at 1514-15, 220 USPQ at 937-38. In this case, the significant body of evidence of secondary considerations presented to the jury in combination with the error in jury instruction No. 19 regarding how the jury was to evaluate these secondary considerations was clearly prejudicial to Langston.
 
 B.
 
 19
 Instruction No. 19 included a statement that "workmanship of a good mechanic, or engineer or a [sic ] chemist skilled in the pertinent art is not invention." Joint Appendix at 132. This instruction is erroneous. The relevant issue is patentability, not "invention" and § 103 makes clear that "[p]atentability shall not be negatived by the manner in which the invention was made.
 
 
 20
 What controls the patentability of the fruits of the inventor's labors are the statutory conditions of novelty, utility, and unobviousness "to a person having ordinary skill in the art to which said subject matter pertains" as stated in § 103.
 
 
 21
 Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1454, 223 USPQ 603, 614 (Fed.Cir.1984). Further, the instruction erroneously suggests that where the work of a mechanic or engineer of ordinary skill in the art is involved, then, in some manner, such involvement weighs against a jury finding that a patentable invention was made. Because the Langston inventions were based heavily on both mechanical and engineering skills, this instruction was prejudicial to Langston.
 
 
 22
 Langston cites other problems with Instruction No. 19, including the way in which the jury was instructed regarding when prior art references can properly be combined. Instruction No. 19 fails to instruct the jury that "[o]bviousness cannot be established by combining the teaching of the prior art to produce the claimed invention, absent some teaching or suggestion supporting the combination." ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1572, 1577, 221 USPQ 929, 933 (Fed.Cir.1984).
 
 
 23
 Langston points also to problems with other instructions, some of greater substance than others. For example, Instruction No. 9 fails to inform the jury that the burden of proving invalidity is on Southwestern Bell and that the standard of proof is that of clear and convincing evidence. See Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d at 1517, 220 USPQ at 939. Instead, Instruction No. 9 speaks of clear and convincing evidence only in terms of actions of the Patent and Trademark Office in issuing the patent. Instruction No. 9 also speaks of each claim constituting "an advance". This is not a requirement of patentability and the instruction is erroneous. See 35 U.S.C. §§ 101. Instruction No. 18 is also in error.[2] Novelty does not hinge on the results achieved by the invention. Novelty, under 35 U.S.C. § 102, is a question of the identity of the invention with that in a single prior art reference. See, e.g., Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 771, 218 USPQ 781, 789 (Fed.Cir.1983). Further, because no § 102 issue remains in this case, this instruction is at best irrelevant and quite possibly prejudicial.
 
 
 24
 We are left with the indelible impression, reading the jury instructions as a whole as we must, that they did not provide the jury with the guidance required to correctly assess the evidence before it, and that this failure was substantially prejudicial to Langston. Based on these errors, the judgment of invalidity is vacated and the case remanded for proceedings consistent with this opinion.
 
 COSTS
 
 25
 Costs to Langston.
 
 
 
 [1]
 In its brief to the court, Southwestern Bell notes that Instruction No. 19 was taken from Section 97.12 of 3 Devitt, Blackmar & Wolff Federal Jury Practice and Instructions (4th ed. 1987) [hereinafter Devitt, Blackmar]. We did not compare the instructions given by the trial judge to the cited text, so that no assessment of the correctness of the text instructions is intended. But see infra note 2
 
 
 [2]
 Southwestern Bell notes that Instruction No. 18 "faithfully followed the proposed instruction at Section 97.11 of [Devitt, Blackmar]."